ORIGINAL

—— FILED  ——ENTERED
—— LODGED ——RECEIVED

SEP 1 1 2003  MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
, BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

FRIENDS OF THE EAST LAKE SAMMAMISH
TRAIL, ROBERT W. & BENTE K. PASKO,

CV03-2793C

                              Plaintiffs,

        v.

CITY OF SAMMAMISH,

                              Defendant.

COMPLAINT FOR DECLARATORY
JUDGMENT

### 1.0 PRELIMINARY STATEMENT

This action is a facial challenge to the constitutionality of a section of the Interim

Development Code of the City of Sammamish, Washington ("the City"). Interim Sammamish

Development Code ("ISDC") Section 21A.24.070 requires the City to deny a land use permit

for development of a recreational trail on an railroad right of way designated by the U.S.

Surface Transportation Board ("STB") for interim trail use, whenever the City finds that there

are "practical alternatives" to use of the right of way that have less impact on "sensitive areas"

protected under the Sammamish ordinance.

ISDC 21A.24.070 conflicts with the National Trails Systems Act, 16 U.S.C. § 1247(d).

Congress enacted § 1247(d) to preserve inactive railroad rights of way for future railroad use,



**03-CV-02793-CMP**

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

and for interim use as recreational trails.  By Decision and Notice of Interim Trail Use dated September 18, 1998 ("the NITU Decision") the STB specifically designated a railroad right of way within the City for interim trail use under the federal "railbanking" program.  On April 24, 2003 a City hearing examiner *pro tempore* ruled that ISDC 21A.24.070 forbids the devleopment of a recreational trail on the railbanked right of way because there are "practical alternatives" to use of the railbanked corridor.

Plaintiffs ask the Court to find that 16 U.S.C. § 1247(d) and the NITU Decision preempt ISDC 21A.24.070, to the extent that the ordinance requires the City to examine "practical alternatives" to the development of a recreational trail on a right of way designated for interim trail use under the federal railbanking program.  Plaintiffs *do not* challenge those provisions of the ISDC, including portions of ISDC 21A.24.070, that require trail developers to mitigate the impact of their projects on "sensitive areas" regulated under the ISDC.

## 2.0  PARTIES

### 2.1  Friends of the East Lake Sammamish Trail

The Friends of the East Lake Sammamish Trail ("FEST") is a nonprofit corporation dedicated to development of the East Lake Sammamish Trail ("the Trail").  FEST members include people who live adjacent to the proposed Trail, who live nearby in the City, and who live within the general region.  FEST members use and enjoy King County's extensive trail system and wish to use the Trail for recreational and commuting purposes as soon as possible. In addition, several FEST members own property in the immediate vicinity of the railroad right-of-way, and seek to realize the enhancements to the value of their property resulting from the development of the trail.  FEST's activities include distributing information on the safety, environmental, and political issues surrounding development of the Trail, testifying in support of Trail development at public meetings and hearings, organizing volunteer groups to remove

**Heller Ehrman White & McAuliffe LLP**
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

noxious weeds and garbage from the Trail right-of-way, publishing a newsletter that provides Trail planning updates and information regarding the Trail development process, and hosting a website that provides information about the Trail (www.trailnow.org).

ISDC 21A.24.070 has directly harmed FEST by delaying and by threatening to frustrate development of the Trail on the railbanked right of way. The delays and jeopardy to the Trail project resulting from the application of ISDC 21A.24.070 threaten the safety, property values and recreational interests of FEST members.

2.2 Robert W. and Bente K. Pasko

Bob and Bente Pasko are residents of the City, members of FEST, and supporters of the development of the East Lake Sammamish Trail on the railbanked right of way. The Paskos and their children seek to use the Trail as soon as possible for recreation and as a safe route for bicycle commuting. ISDC 21A.24.070 has directly harmed the Paskos by delaying and by threatening to frustrate development of the Trail on the railbanked right of way. The delays and jeopardy to the Trail project resulting from the application of ISDC 21A.24.070 threaten the safety, property values and recreational interests of the Paskos.

2.3 City of Sammamish

Defendant, the City of Sammamish, is a municipal corporation located in King County, Washington.

3.0 JURISDICTION

This is a civil action for declaratory and injunctive relief arising under U.S. Constitution Article VI Clause 2 and 16 U.S.C. 1247(d). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331.

COMPLAINT FOR DECLARATORY JUDGMENT        3

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

## 4.0  VENUE

Venue is proper under 28 U.S.C. 1391(b) because the Western District of Washington is the judicial district within which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

## 5.0  BACKGROUND

### 5.1  Federal Railroad Regulation

The federal regulation of railroads under the Interstate Commerce Commission Termination Act is among the most pervasive and comprehensive of federal regulatory schemes.  The STB exercises "exclusive and plenary" jurisdiction over the construction, maintenance and abandonment of rail service and railroad lines.  The decisions of the STB preempt state and local environmental and land use regulations, to the extent that those regulations burden or interfere with the implementation of federal railroad policy.

### 5.2  Federal Railbanking

In response to the drastic shrinkage of the national rail transportation system during the middle decades of the 20th century, Congress in 1983 amended the National Trails Systems Act to authorize state and local governments to acquire and manage inactive railroad corridors for future railroad use, and for interim use as recreational trails. 16 U.S.C § 1247(d).  Congress found that every rail line is a national asset that deserves preservation, and that state and local real property laws frustrate the preservation of inactive lines by causing railroad easements to revert to the grantor when rail service is abandoned.  Section 1247(d) decrees that interim trail use shall not be treated as abandonment of rail service "for purposes of any law or rule of law."  The process of preserving inactive railroad rights-of-way as recreational trails is known as "railbanking."  When a state or local agency and a railroad agree to transfer a right of way

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104-7098
Telephone (206) 447-0900

under the protection of the railbanking statute, the STB will issue a NITU, which authorizes interim trail use of the right of way.

5.3 Local land use regulation of railbanked rights of way

The railbanking statute, 16 U.S.C. § 1247(d), does not preempt local land use regulation of rail trails, *provided* that the local regulation does not interfere with the trail manager's ability to maintain the right of way as a recreational trail. State and local regulation is preempted to the extent that it prohibits or unreasonably conditions the development of recreational trails on a railbanked right of way.

5.4 The East Lake Sammamish Rail Corridor

In the late 1880s the Seattle Lake Shore & Eastern Railroad built a rail line from Issaquah north along the east shore of Lake Sammamish to Woodinville. The line, known as the Issaquah spur, eventually became part of the BNSF system. Until 1996 BNSF ran freight trains twice a week to Issaquah along the spur. The right of way, which varies from 50 to 200 feet wide, traverses parts of Redmond, Sammamish and Issaquah. Approximately 7.21 miles of the corridor lie within the City of Sammamish.

5.5 Railbanking of the East Lake Sammamish Right of Way

In planning documents going back as far as 1971, King County identified the East Lake Sammamish rail corridor as a future recreational trail to be developed if and when BNSF suspended railroad use. CLC purchased the corridor from BNSF in 1997 with the intent of railbanking the corridor and transferring it to King County. The STB issued its NITU Decision in September 1998. The NITU Decision provides in relevant part that "If an agreement for interim trail use/railbanking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented." On September 18, 1998 CLC transferred 10.9 miles of the railbanked right of way to King County for development of the

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

1  East Lake Sammamish Trail.  On December 15, 2000 the King County Council unanimously

2  (13-0) adopted an ordinance and appropriated funds for development of a soft surface trail on

3  the railbanked East Lake Sammamish right of way.

4
   5.6  The PAUE
5

6      King County applied to the cities of Issaquah, Redmond and Sammamish for land use

7  permits to construct a gravel trail on the existing crushed rock surface of the rail corridor.

8  Sammamish directed King County to apply for a Public Agency Utility Exemption ("PAUE")

9  because the City classified part of the old rail line as "wetland buffer."  ISDC 21A.24.070

10 provides as follows:

11
       21A.24.070 Exceptions.  A.  If the application of this chapter would prohibit a
12     development proposal by a public agency and utility, the agency or utility may apply
       for an exception pursuant to this subsection:
13

14     1.  The public agency shall apply to the Department and shall make available to
       the Department other related project documents such as permit applications to other
15     agencies, special studies and SEPA documents.

16     2.  The Department shall review the application based on the following criteria:
          a.  there is no practical alternative to the proposed development with less
17     impact on the sensitive area; and
          b.  the proposal minimizes the impact on sensitive areas.
18

19     The PAUE, issued April 12, 2002, authorized King County to pour a new gravel

20 surface on the railbed, and required King County to offset and mitigate the loss of wetland

21 buffer by preserving and enhancing other wetland areas within the old railroad right of way.

22 5.7  The PAUE Appeal

23
       The East Lake Sammamish Community Association ("ELSCA"), a coalition of
24
   property owners who own land adjacent to the rail corridor, filed an administrative appeal of
25
26 the PAUE.  ELSCA contended that ISDC 21A.24.070 forbids the issuance of a PAUE for

27 development of a recreational trail on the railbanked right of way, because there are "practical

28

COMPLAINT FOR DECLARATORY JUDGMENT          6

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

alternatives" to location of the trail that involve less impact to "sensitive areas."  ELSCA
argued that King County could have avoided "sensitive areas" by building the trail along the
shoulder of the four lane East Lake Sammamish Parkway.

The City appointed a *pro tem* hearing examiner to preside over the appeal.  The hearing
examiner's decision, issued on April 24, 2003, concluded that there were "practical
alternatives" to construction of the East Lake Sammamish Trail on the railbanked right of way,
and that ISDC 21A.24.070 forbids issuance of the PAUE.  The hearing examiner reversed the
City's decision and denied the PAUE.

5.8  Conflict With Other Projects

The conflict between ISDC 21A.24.070 and the federal railbanking program will
disrupt projects other than King County's current effort to develop a soft surface trail on the
East Lake Sammamish right of way.  King County refers to the current project as "the interim
trail."  The County currently is developing a master plan for a permanent paved East Lake
Sammamish Trail, the preferred location for which is on the railbanked right of way.  Like the
current project, the permanent trail will require a PAUE from the City.  Unless the Court
grants the declaratory relief requested by plaintiffs, ISDC 21A.24.070 will frustrate
development of a permanent trail on the railbanked right of way, in the same manner that it has
frustrated and/or delayed construction of the interim trail.

6.0  FIRST CAUSE OF ACTION:  FEDERAL PREEMPTION

6.1.  The railbanking statute, 16 U.S.C. 1247(d), authorizes state and local governments
to preserve inactive railroad rights of way for future railroad use and for interim use as
recreational trails.  The NITU Decision authorized King County to acquire the East Lake
Sammamish right of way for interim trail use and to develop a recreational trail upon it.

COMPLAINT FOR DECLARATORY JUDGMENT        7

6.2.  ISDC 21A.24.070, as construed by the PAUE Decision, prohibits construction of the East Lake Sammamish Trail on the railbanked right of way.  It frustrates and conflicts with the NITU decision and with the provisions of 16 U.S.C. 1247(d).

6.3.  Article VI, Clause 2 of the United States Constitution nullifies the effect of any local ordinance that impedes the implementation of a federal statute or frustrates the purposes and objectives of Congress.

6.4.  The railbanking statute, 16 U.S.C. § 1247(d), preempts those portions of ISDC 21A.24.070 that require permit applicants to show that there are no "practical alternatives" to development of a recreational trail on a railbanked right of way.

### 7.0  RELIEF REQUESTED

WHEREFORE, plaintiffs pray for the following relief:

7.1      An order declaring that 16 U.S.C. 1247(d) and Article VI, Clause 2 of the United States Constitution preempt the application of subsection A.2.a of ISDC 21A.24.070 to a project to develop a recreational trail on a railbanked right of way.

7.2      Such other relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2003.

HELLER EHRMAN WHITE & McAULIFFE

BY _____
        Matthew Cohen

WASHINGTON FOREST LAW CENTER

By _____
        Peter Goldman

Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY JUDGMENT        8

Heller Ehrman White & McAuliffe LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104-7098
Telephone (206) 447-0900